IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard M. Low, | ) C/A No. 0:09-1620-RBH-PJG |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| Ms. Cox, Medical Staff; Mr. James Doriety, Director; Mr. Scotty Bodiford, Administrator, | ) |
| Defendants. | ) |

The plaintiff, Richard M. Low ("Low"), who at the time of the incidents giving rise to this action was a pre-trial detainee at the Greenville County Detention Center ("GCDC"), filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Low of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 23.) Low filed a response in opposition to the defendants' motion. (Docket Entry 25.) Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted.

## BACKGROUND

Low's Complaint alleges that the defendants subjected him to unconstitutional conditions of confinement by housing Low in a dormitory with another detainee who was infected with an antibiotic-resistant staph bacterium, causing Low to develop outbreaks on his face that Low contends was staphylococcus ("staph") and/or methicillin-resistant staphylococcus aureus ("MRSA"). (Compl., Docket Entry 1 at 2-3); Taber's Cyclopedic Medical Dictionary 1945 (20th ed. 2005).

Additionally, Low claims that the defendants were deliberately indifferent to his medical needs by failing to respond adequately to his requests for medical treatment on April 24, 2009, May 1, 2009, and May 7, 2009. (Docket Entry 1 at 2-3; Docket Entry 25 at 3.)

In support of their motion for summary judgment on Low's claims, the defendants have submitted the affidavit of Tracy Krein, the medical administrator at GCDC, and Low's medical records. Krein avers that Low submitted a Health Services Inmate Request form on May 7, 2009 in which he complained that a lump had formed on the right side of his neck that was painful to the touch and that had drained some fluid. (Krein Aff. ¶ 3, Docket Entry 22-1; Med. Records, Docket Entry 22-2 at 30.) GCDC medical personnel responded to Low's complaint on May 12, 2009 by prescribing an antibiotic and Motrin. (Id., Docket Entry 22-1; Med. Records, Docket Entry 22-2 at 32.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Medical Claim**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an detainee and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate

indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide detainees with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). "[A detainee's] mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." Nelson v. Shuffman, 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citation omitted); see also Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

As discussed above, Low alleges that he filed requests for medical care on April 24, 2009, May 1, 2009, and May 7, 2009. (Compl., Docket Entry 1 at 3; Resp. Opp. Mot. Summ. J., Docket Entry 25 at 3.) Low's May 7 medical request complained of a painful lump that had formed on his neck. (Krein Aff. ¶ 3, Docket Entry 22-1; Med. Records, Docket Entry 22-2 at 30.) On May 12, 2009, GCDC medical personnel treated Low, noting that Low had two affected areas on the right side of his face and jaw. Further, skin infection protocol was started. (Id.) Although Low alleges that he had contracted a staph infection or MRSA based on his belief that he was prescribed the same medication as a detainee that had MRSA, Low's medical records contain no diagnosis of staph. (Compare Med. Record for Butler, Docket Entry 25-1 with Low's Med. Records, Docket Entry 22-2 at 30, 32, & 46.) Notably, the physician's orders on May 12, 2009 state that there is "no need to move [Low] to skin inf[irmary] dorm." (Med. Records, Docket Entry 22-2 at 32.) Accordingly, based on the evidence presented, no reasonable jury could find that the defendants were deliberately indifferent to Low's serious medical needs. Moreover, to the extent that Low's claims against the defendants are based on the fact that he believes that he was not treated as aggressively or as quickly

as he believed appropriate under the circumstances, such disagreement fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. See Nelson, 603 F.3d at 449; see also O'Connor v. Pierson, 426 F.3d 187, 202 (2d Cir. 2005) ("Lay people are not qualified to determine . . . medical fitness, whether physical or mental; that is what independent medical experts are for."); Dulany v. Carnahan, 132 F.3d 1234, 1240 (8th Cir. 1997) ("In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that she did not feel she received adequate treatment."); Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

**C.     Conditions of Confinement**

Conditions of confinement of pretrial detainees are also evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. Bell v. Wolfish, 441 U.S. 520, 535, 537 n.16 (1979); see also Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). However, "pretrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001) (citing City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 243-44 (1983) and Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992)). Therefore, the standards applied in Eighth Amendment conditions of confinement cases are essentially the same as those in cases arising under the Fourteenth Amendment for pretrial detainees.

To state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.' " Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). To demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). As to the second prong, a prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk. Id. at 847; see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004) (stating the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury). Further, a plaintiff must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380-81.

As stated above, Low asserts that the defendants subjected him to unconstitutional conditions of confinement by housing him in a dormitory with another detainee who he contends was infected with MRSA, causing Low to develop outbreaks that he contends were staph or MRSA. (Compl., [Docket Entry 1](Docket Entry 1) at 2-3.) No evidence supports Low's speculations. Low has failed to present any evidence from which a reasonable jury could find that the defendants failed to provide him with

Page 6 of 9  *PJG*

humane conditions.¹  Further, he has not demonstrated that he suffered a serious or significant physical or mental injury as a result this alleged occurrence.  As stated above, Low has not provided any evidence to establish that he actually contracted a staph infection or MRSA.  Low's argument is based his own speculative conclusions that (1) he contracted staph or MRSA and (2) it was a direct result of being housed in a population with a detainee who was infected with the condition.  These speculations alone are insufficient to create a genuine issue of fact.  See Strickler, 989 F.2d at 1380-81.  Finally, Low has failed to present any evidence, or even allege, that any of the defendants' actions were taken with an intent to punish him.  Hill, 979 F.2d at 991(citing Martin, 849 F.2d at 870).

Accordingly, viewing the evidence in the light most favorable to Low, there is no evidence that the practices or actions of the defendants rose to the level of a constitutional violation of the Fourteenth Amendment.

**D.     Respondeat Superior**

In response to the defendants' motion for summary judgment, Low states that he "also place[s] heavy reliance upon the respondeat superior theory in pursuing this [matter]."  (Docket Entry 25 at 2.)  However, there is no respondeat superior liability in § 1983 action.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  Moreover, the court observes that mere knowledge is not sufficient to establish the personal participation required for § 1983 liability.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The law is clear that personal participation of a defendant is a

---

¹ In support of Low's argument, he has submitted what appears to be one page of a medical summary for the person ("Butler") he alleges is the other detainee from whom he contracted a staph infection.  (Docket Entry 25-1.)  Included under the heading "Triage" is "Infectious Disease: MRSA." (Id.) It is unclear from this unauthenticated document whether this is a diagnosis or simply part of Butler's medical history.  Further, even if this document evidences a diagnosis, there is no indication as to when this diagnosis occurred.

necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S. Ct. at 1948.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion (Docket Entry 22) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 22, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).