IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| RICHARD M. LOW, | ) | Civil Action No.: 0:09-cv-01620-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MS. COX, Medical Staff; MR. JAMES | ) | |
| DORIETY, Director; MR. SCOTTY | ) | |
| BODIFORD, Administrator, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett.[1]  In the R&R, the Magistrate Judge recommends that the Court grant the Defendants' Motion for Summary Judgment [Docket # 22].

## Procedural History

This case was initiated on June 19, 2009, when the Plaintiff filed a pro se Complaint pursuant to 42 U.S.C. § 1983 alleging the Defendants subjected him to unconstitutional conditions of confinement by housing him in a dormitory with another detainee who was infected with an antibiotic-resistant staph bacterium, causing the Plaintiff to develop outbreaks on his face that he contends were staphylococcus ("staph infection").   On November 12, 2009, the Defendants filed the instant Motion for Summary Judgment.   Because the Plaintiff is proceeding pro se, he was advised that a failure to respond to the Defendants' Motion could result in dismissal of his Complaint.   Subsequently, the Plaintiff filed a Response [Docket # 25].   On June 23, 2010, the Magistrate Judge issued the R&R recommending that the Defendants' Motion for Summary

---

[1]In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

Judgment be granted. The Plaintiff filed timely objections to the R&R, and this matter is ripe for review.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

First, the Plaintiff objects to Magistrate Judge's finding "that he never alleged a Constitutional violation, or/and submitted any evidence for a Constitutional violation as admitted by the Magistrate Paige J. Gossett, which is clearly erroneous of Magistrate Response to the face of the Plaintiff's Complaint." *Objections,* p.2. In an effort to clear up any confusion the Plaintiff may have about the Magistrate Judge's R&R, the Court notes that the Plaintiff did *allege* an unconstitutional condition of confinement claim in his Complaint; however, the Magistrate Judge

2

found that the Plaintiff "failed to present any evidence from which a reasonable jury could find that the defendants failed to provide him with humane conditions." *R&R,* pp.6-7. The Magistrate Judge found that no evidence supports the Plaintiff's claim and, therefore, the Plaintiff has failed to show an unconstitutional condition of confinement claim that survives summary judgement.

Similarly, in his second objection, the Plaintiff asserts that the records from Greenville County Detention Center "where establish[ed] with a date from this facility that indicates as to when this diagnosis occurred, Plaintiff further asserts that these documents could not have been unclear and/or unauthenticated documents because the document was not handwritten copy." *Objections,* p.2. The Plaintiff cites Rule 803(6) of the Federal Rules of Evidence in support of this argument. However, as the Magistrate Judge noted, the evidence does not support the Plaintiff's speculative allegations. The Plantiff has not directed the Court to any evidence that supports his allegations that officials failed to provide him with humane conditions of confinement or that they were deliberately indifferent to a known, substantial risk of harm facing the Plaintiff. In fact, the medical records that the Plaintiff references show that (1) the Plaintiff submitted a Health Services Inmate Request form on May 7, 2009, in which he complained that a lump had formed on the right side of his neck that was painful to the touch and that had drained some fluid, and (2) Greenville County Detention Center medical personnel responded to the Plaintiff's request on May 12, 2009 by prescribing antibiotic and Motrin. *Docket Entry* 22-2, pp.30-32. Moreover, the Plaintiff has not demonstrated that he suffered a serious or significant physical or mental injury as a result of the Defendants' alleged actions, as he has provided no evidence to establish that he actually contracted a staph infection. Although he alleges that he contracted a staph infection based on his belief that he was prescribed the same medication as a detainee that had such an infection, the Plaintiff's medical records contain no diagnosis of staph infection. Notably, the physician's orders on May

12, 2009, state that there is "no need to move [the Plaintiff] to skin inf[irmary] dorm." *Id.* at 32.

As such, the Plaintiff's speculations alone are insufficient to create a genuine issue of material fact

concerning this claim. *See Strickler v. Waters,* 989 F.2d 1375, 1380-81 (4th Cir. 1993).

Finally, the Plaintiff objects to the R&R

> for failing to review the Complaint on the face of the record/ further
> the Plaintiff asserts that the Magistrate findings never demonstrated
> whether the Complaint was cognizable for any claim that relief can
> be granted/ Magistrate fail to show if the Plaintiff Complaint was
> frivolous/ or malicious to prosecute. Further, Plaintiff alleges that he
> never allege a malpractice claim on the defendants, but instead
> Magistrate granted the defendants' Motion without showing actual
> cause to the Plaintiff Complaint. Plaintiff asserts that Magistrate
> Judge in viewing evidence on record debated on the weight of
> evidence to delay the proceedings with a frivolous response that shows
> a conflict of interest and a conflict of authority to deprive the Plaintiff
> of a protective right and protective custody.

*Objections,* p.2. The Court finds this objection to be without merit. Having thoroughly reviewed

the entire record, the Plaintiff's objections, and the applicable law, the Court finds that the

Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of

law. As such, the Court agrees with the recommendations of the Magistrate Judge.

## Conclusion

Based on the foregoing, it is **ORDERED** that the Magistrate Judge's R&R is adopted and

incorporated herein by reference, and the Defendants' Motion for Summary Judgment [Docket # 22]

is **GRANTED**.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 15, 2010